ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ANTONIO D. GRISSON,<br><br>Plaintiff,<br><br>v.<br><br>CHERYL PARSONS, Superintendent;<br>VAN HARRIS, Assistant-Superintendent;<br>ALFRED MCRAE, Lieutenant; and FNU<br>LYLES, Detail Sergeant,<br><br>Defendants. | CV 308-106 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned civil rights case pursuant to 42 U.S.C. § 1983 and sought leave to proceed *in forma pauperis* ("IFP"). In a separate Order, the Court granted Plaintiff's motion to proceed IFP. For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Defendants Alfred McRae and FNU Lyles be **DISMISSED** from the case.

Plaintiff is proceeding *pro se* and IFP in the above-captioned civil rights case. As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that

fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Cheryl Parsons, Superintendent of Treutlen Probation Detention Center ("TPDC"), (2) Van Harris, Assistant-Superintendent of TPDC, (3) Alfred McRae, Lieutenant, and (4) FNU Lyles, Detail Sergeant. (Doc. no. 1, pp. 1, 4).

According to Plaintiff, while he was incarcerated at TPDC, Defendants Parsons and Harris, violated his First Amendment rights concerning his freedom to practice his religion. Plaintiff, a practicing Muslim, asserts that Defendant Harris refused to assign Plaintiff to a lighter detail during the month of Ramadan. (Id. at 5). Plaintiff sought the lighter detail in order to provide him with sufficient time to "make [his] prayers on time, and for the proper time to read [his] Quran." (Id.). Additionally, Plaintiff alleges that Defendants Harris and Parsons refused to serve the "two hot meals for the Muslims during [the month of] Ramadan." (Id.). Instead, Plaintiff alleges that these Defendants fed the Muslims cold pork "packouts" at night. (Id.).

Next, Plaintiff alleges that Defendant Parsons did not honor the Muslim Feast Day. (Id.). Plaintiff also alleges that Defendant Parsons did not allow him to pray at the required time, but rather he was forced to work his detail. (Id. at 7). Lastly, Plaintiff alleges that Defendant Parsons stated that "she didn't have to honor nothing pertaining to Ramadan." (Id.). Plaintiff seeks monetary and injunctive relief. (Id. at 8).

## II. DISCUSSION

While Plaintiff names Defendants McRae and Lyles as Defendants in the caption of his complaint, he does not assert any allegations of wrong doing regarding these Defendants, in his statement of claims. In fact, Plaintiff does not mention Defendants McRae and Lyles anywhere in his statement of claims. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit recently held, a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."))). Thus, in the absence of an allegation of any connection between any actions of Defendants McRae and Lyles with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against these Defendants. Therefore, Defendants McRae and Lyles should be dismissed from the above-captioned case.[1]

## III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that

---

[1] In a simultaneously filed Order, the Court directed that service of process be effected on Defendants Parsons and Harris for Plaintiff's alleged First Amendment claim concerning his freedom to practice religion.

Defendants McRae and Lyles be **DISMISSED**.

SO REPORTED AND RECOMMENDED on this 19th day of December, 2008, at Augusta, Georgia.

```
_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE
```